| | |
|---|---|
| SEVENTEENTH JUDICIAL DISTRICT COURT<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Drive<br>Brighton, CO 80601 | DATE FILED: November 12, 2019 4:38 PM<br>FILING ID: 1765161898826<br>CASE NUMBER: 2019CV31808 |
| SENTINEL INSURANCE COMPANY, LTD., individually and as subrogee of its insured, Joanne Bancroft, DDS, PC;<br><br>        Plaintiff,<br><br>   vs.<br><br>HENRY SCHEIN, INC., a Delaware corporation; and DOES 1-20, inclusive,<br><br>        Defendants. | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Division: |
| Kenneth W. Maxwell, #025817<br>BAUMAN, LOEWE, WITT & MAXWELL, PLLC<br>8765 East Bell Road, Suite 210<br>Scottsdale, Arizona 85260<br>Telephone: (480) 502-4664<br>Facsimile: (480) 502-4774<br>Email: kmaxwell@blwmlawfirm.com<br><br>Attorneys for Plaintiff Sentinel Insurance Company, Ltd. | |
| **COMPLAINT FOR DAMAGES**<br>**(Negligence)** | |

COMES NOW, Plaintiff SENTINEL INSURANCE COMPANY, LTD., individually and as subrogee of its insured, Joanne Bancroft, DDS, against HENRY SCHEIN, INC., and DOES 1-20, and each of them, and allege as follows:

## PARTIES

1. Plaintiff SENTINEL INSURANCE COMPANY, LTD. ("Plaintiff" or "Sentinel") is a foreign property and casualty insurance company authorized to conduct business and sell property and casualty insurance policies in the State of Colorado.

2. At all times relevant herein, Plaintiff's insured, Joanne Bancroft, DDS, PC (the "Insured" or "Bancroft") was a professional corporation operating in, and registered to conduct business in, the State of Colorado.

EXHIBIT A

3. Under information and belief at all times relevant herein, Defendant HENRY SCHEIN, INC. ("Henry Schein") was a Delaware corporation operating in, and registered to conduct business in the County of Adams, in the State of Colorado.

4. DOES 1-20, inclusive, are persons, partnerships, corporation, and/or associations subject to suit in a common name whose true identities are unknown and who may be responsible, in whole or in part, for the events and happenings referred to herein and legally caused the damages alleged by Plaintiff in this Complaint. Pursuant to Rule 9(a)(2) of the Colorado Rules of Civil Procedure, Plaintiff will seek to amend this Complaint to set forth the true names and capacities of any of these defendants when their identities become known to Plaintiff.

5. At all times herein mentioned, Defendants, and each of them, were the agents, servants and employees of their co-Defendants, and in doing the things herein alleged, were acting within the course and scope of such agency, service and employment.

## JURISDICTION

6. Upon information and belief, all Defendants caused events to occur in the City of Westminster, County of Adams, State of Colorado, as hereinafter alleged, and are subject to the jurisdiction and venue of the Seventeenth Judicial District Court.

7. This Court has jurisdiction of this matter pursuant to Statutes § 13-1-124 or otherwise under Colorado Statutes and law.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

8. At all relevant times hereto, the Insured leased Suite C at 7350 Lowell Blvd., Westminster, Colorado, 80030 (the "Property") and operated a dental practice therein.

9. Plaintiff issued an insurance policy to the Insured for property damage and other casualties (the "Policy") for the Property.

10. On or before April 18, 2018, the Insured purchased a Series 5 Delivery System on a DCI Edge Series 5 Chair (the "Subject Dental Chair") from Henry Schein.

11. On or around April 18, 2018, Henry Schein delivered and installed the Subject Dental Chair at the Property.

12. Upon information and belief, when Henry Schein installed the Subject Dental Chair at the Property on April 18, 2018, it failed to record or check the water pressure at the Property, including at the water supply to which the Subject Dental Chair was connected.

13. The installation instructions for the Subject Dental Chair state that the Subject Chair, including the tubing that comes with the Subject Chair, are rated for water pressures of 40 to 80 PSI.

14. At all relevant times hereto, the water pressure at the Property was approximately 100 PSI.

15. On March 11, 2019, a portion of the water tubing of the Subject Dental Chair, which was located after the Subject Dental Chair's shut off valve but before the Subject Dental Chair's water regulator, ruptured and caused a water loss at the Property (the "First Incident") as a result of being subjected to pressures above its rating.

16. After the March 11, 2019 water loss, the Insured called Henry Schein, and Henry Schein came to the Property on March 12, 2019 and replaced the tubing that ruptured with a new section of poly tubing and turned the water supply back on at the wall and checked for leaks.  Henry Schein found no leaks at this time.

17. Upon information and belief, on March 12, 2019, Henry Schein told the Insured that the problem was that it wasn't turning off the switch to the chair.

18. Upon information and belief, on March 12, 2019, Henry Schein failed to record or check the water pressure at the Property, including at the water supply to which the Subject Dental Chair was connected.

19. On March 18, 2019, the tubing from the water supply to the Subject Dental Chair ruptured and caused a water loss at the Property (the "Second Incident") as a result of being subjected to pressures above its rating.

20. On March 18, 2019, after the Second Incident, the Insured called Henry Schein who came to the Property and found the supply tubing to the Subject Dental Chair split and leaked water all over the Property.

21. The First Incident caused significant damage to the Property and to the Insured.

22. As a result of the First Incident, the Insured submitted an insurance claim to Plaintiff under the Policy for damages from the First Incident.

23. The Second Incident caused significant damage to the Property and to the Insured.

24. As a result of the Second Incident, the Insured submitted an insurance claim to Plaintiff under the Policy for damages from the Second Incident.

25. The Insured has suffered a loss for which Defendants, and each of them are liable, because Defendants are legally responsible for the harms alleged herein.  The Insured has an existing, assignable cause of action against Defendants, and each of them, for which it could have asserted on its own behalf had it not been compensated for the loss by Plaintiff, and Plaintiff has compensated the Insured for the same loss for which the Defendants are liable.

26. As a result of providing coverage under the Policy, Plaintiff incurred money damages when it compensated its Insured and incurred other expenses, in an amount to be proven at trial.  Plaintiff paid the Insured $6,028.00 for damages caused by the First Incident.

      Plaintiff paid the Insured $186,270.81 for damages caused by the Second Incident. Such damages and expenses should, in equity, be borne by Defendants, and each of them, whose equitable positions are inferior to Plaintiff's.

27. The Policy provide that, in the event of an insured loss, Plaintiff would be subrogated to any rights the Insured might have against a third party who is responsible for that loss, to the extent of any payments made by Plaintiff. In addition to contractual subrogation rights, Plaintiff also has equitable subrogation rights.

28. Plaintiff has indemnified/compensated the Insured in whole or in part for the same losses for which each of the Defendants are liable. The Insured's losses were ones for which Plaintiff was not primarily liable. Plaintiff has paid the Insured's claim, as contemplated by the Policy (not as a volunteer). The Insured had existing, assignable causes of action against the Defendants, for which the Insureds could have asserted for its own benefit had it not been compensated for its losses by Plaintiff. Plaintiff has, therefore, suffered damages caused by the acts or omissions upon which the liability of Defendants depends, and justice requires that the losses be entirely shifted from Plaintiff to Defendants, whose equitable position is inferior to that of Plaintiff.

29. Plaintiff's damages are in a liquidated sum.

30. In addition to the amounts paid out under the Policy, Plaintiff seeks recovery of prejudgment interest on the amounts paid to the extent permitted pursuant to Colorado law, including Colorado Revised Statute § 5-12-102.

## **FIRST CAUSE OF ACTION**
### (Negligence)
### (As to Henry Schein and DOES 1-20)

31. Plaintiff realleges and incorporates by reference each and every allegation above as though fully set forth herein.

32. Defendant Henry Schein owed a legal duty to Plaintiff and/or Plaintiff's Insured to exercise reasonable care while installing the Subject Chair.

33. Defendant Henry Schein breached the aforesaid duty and was negligent in one or more of the following ways:

    a. Carelessly and negligently failing to check the water pressure at the Property;

    b. Carelessly and negligently installing the Subject Dental Chair;

    c. Carelessly and negligently failing to ensure/confirm that the Subject Dental Chair would not be subjected to water pressure in excess of what it was rated for;

    d. Carelessly and negligently not checking the water pressure at the Property after the First Incident; and

  e. Carelessly and negligently installing the flexible vinyl tubing, which is not a flexible connector, as required, to connect the Subject Dental Chair to the plumbing system.

34. Defendants, and each of them, breached their duties by, *among other acts and omissions*, negligently and carelessly installing, assembling, and/or maintaining the Subject Dental Chair by failing to check the water pressure at the Property, by installing the Subject Dental Chair at a location that would subject it to water pressure in excess of its rating, as well as other acts and/or omissions.

35. The negligence on the part of Defendants, and each of them, was the direct and proximate cause of the damages alleged in this Complaint.

36. As a direct and proximate result of the negligence of Defendants, and each of them, the First Incident and Second Incident resulted, and Plaintiff sustained the damages alleged in this Complaint, in an amount to be proven at trial, but in no event less than $192,298.81.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

  A. Compensatory and consequential damages, in an amount not less than $192,298.81;

  B. For prejudgment and post judgment interest, per C.R.S. §§ 5-12-101, 5-12-102;

  C. For attorneys' fees and costs of suit incurred herein, as allowed by law; and

  D. For any additional relief as the Court deems just and proper.

Dated: November 12, 2019  Respectfully Submitted,

  Bauman Loewe Witt & Maxwell, PLLC

*(signature)*

Kenneth W. Maxwell
8765 East Bell Road, Suite 210
Scottsdale, Arizona 85260
Tel: 480-502-4664 / Fax: 480-502-4774
*Attorneys for Plaintiff Sentinel Insurance Company, Ltd.*